UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

USAMA SADIK ABDEL WHAB, :
:
      Petitioner : No. 4:CV-05-0403
:
  vs. : (Petition Filed 02/24/05)
:
: (Judge Muir)
U.S. DEPARTMENT OF JUSTICE, :
:
      Respondent :

**ORDER**

July 28, 2005

**Background**

    On February 24, 2005, petitioner, Usama Sadik Abdel Whab("Whab"), an inmate currently confined in the Pike County Jail, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). He challenges his federal conviction, raising thirty-six grounds for relief. By Order dated March 9, 2005, this Court dismissed the petition for writ of habeas corpus without prejudice to Whab's right, if any, to pursue a successive § 2255 motion in the sentencing court. (Doc. No. 2). On March 21, 2005, petitioner filed a motion for reconsideration of this Court's March 9, 2005 Order. (Doc. No. 3). On July 1,

2005, petitioner filed an amended motion for relief from judgment. (Doc. No. 4). For the reasons set forth below, the motions will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. vs. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. vs. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café vs. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. vs. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d

Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach vs. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. vs. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale vs. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. vs. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Upon initial review of the petition, wherein petitioner challenges his conviction and sentence as illegal, the following was concluded:

> To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction...It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy...Whab has not met this burden.  Moreover, Whab does not state that he has requested permission from the United States District Court of Appeals for the Second Circuit for leave to file a successive petition.  There remains that possibility that Whab would be granted permission by the Second Circuit to file a successive § 2255 motion, if appropriate.

(Doc. No. 2, p. 5)(citations omitted).

In support of his amended motion for reconsideration, petitioner argues that since this Court's March 9, 2005 Order, dismissing his case, he has sought and been denied permission by the Second Circuit Court of Appeals to file a second § 2255 motion challenging his conviction and sentence.  (Doc. No. 4). Thus, he argues that he is entitled to proceed in this court via his § 2241 petition.  Section 2255, however, is not inadequate or ineffective merely because Whab is unable to meet the gatekeeping requirements of the Antiterrorism and

-4-

Effective Death Penalty Act of 1996 for filing a second § 2255 motion. See Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Because Whab has not established that § 2255 is inadequate to provide relief for his claims, the court finds that dismissal of the petition for lack of jurisdiction is appropriate. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Moreover, none of the issues raised in Whab's petition meet the narrow Dorsainvil exception entitling him to § 2241 relief, as he has not demonstrated an intervening change in the law which would affect the probability of his innocence.[1] Thus, Whab does not raise or set forth any arguments in his motion for reconsideration that call into question our Order of March 9, 2005. That Order is not troubled by manifest errors of law or fact and Whab has not presented anything new, which if previously presented, might have affected our

---

2. In Dorsainvil, the court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . . ." 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented there. Id. at 251-52.

-5-

decision.  Consequently, Whab's motions for reconsideration will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

Petitioner's motions for reconsideration (Doc. Nos. 3, 4) are DENIED.

<pre>
                        s/Malcolm Muir
                        MUIR
                        United States District Judge
</pre>